IRENE LE BEAU ROLFE, Appellant, v. BURTON ROLFE, Respondent.— Plaintiff sued for a separation. The amended answer charged plaintiff with adultery. Upon the trial the defendant has secured an interlocutory decree of divorce. The testimony shows no indecent act, gesture, word or look, or of undue familiarity between the plaintiff and the alleged corespondent. There is no proof of a kiss or an embrace, or endearment of any kind, or of a surprise in an equivocal situation, and while the mode of life of these persons furnished opportunity for immoral conduct, this is not enough. A careful reading of all the evidence shows it capable of two interpretations. It is as capable of an interpretation favorable to the plaintiff as against her. (*Pollock* v. *Pollock*, 71 N. Y. 137.) Judgment reversed on the law and facts and the counterclaim in defendant's amended answer dismissed, with costs to the appellant. The court reverses findings of fact numbered 4, 5, 6, 7 and 9 and disapproves the conclusions of law. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

NETTIE L. GALLUP, as Administratrix, etc., of OSCAR GALLUP, Deceased, Respondent, v. THE DELAWARE AND HUDSON RAILROAD CORPORATION, Appellant. ETHEL C. OGDEN, as Administratrix, etc., of JAMES OGDEN, Deceased, Respondent, v. THE DELAWARE AND HUDSON RAILROAD CORPORATION, Appellant. EDNA DOHERTY, as Administratrix, etc., of LEONARD HARRIS, Deceased, Respondent, v. THE DELAWARE AND HUDSON RAILROAD CORPORATION, Appellant.— The actions were brought to recover damages arising from the death of plaintiffs' intestates, claimed to have been occasioned by the negligent operation of one of defendant's trains at a highway grade crossing. A nonsuit was granted at the close of all the evidence. No witness upon the trial gave affirmative evidence that the locomotive whistle was not blown. Upon the motion for the new trial, made before the Special Term presided over by the same justice who presided at the Trial Term whereat the nonsuit was granted, it appeared that three new witnesses had been found, and that each would give affirmative evidence that the whistle was not blown. The attorneys for the plaintiffs seemed to have exercised reasonable diligence in preparation for the original trial, and their failure to find these witnesses was excusable. Order affirmed, with ten dollars costs and disbursements. Hill, P. J., Rhodes, McNamee and Crapser, JJ., concur; Bliss, J., dissents.